United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA CEJA BUENROSTRO,<br>Petitioner,<br>v.<br>JASON ADAMS, et al.,<br>Respondents. | Case No. 26-cv-07891-JST<br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br>Re: ECF No. 2 |

Petitioner Fabiola Ceja Buenrostro has filed a motion for a temporary restraining order ("TRO"). ECF No. 2. She seeks ex parte relief, which requires her to show "that immediate and irreparable injury, loss, or damage will result to [her] before the adverse party can be heard in opposition" and certify the "efforts made to give notice and the reasons why it should not be required." *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016) (quoting Fed. R. Civ. P. 65(b)(1)). Ceja Buenrostro's counsel has "notified the United States Attorney's Office for the Northern District of California that Petitioner anticipated seeking emergency habeas and temporary restraining relief." ECF No. 2-1 at 4. Ceja Buenrostro's mental health issues, including a history of suicide attempts and that she is currently under psychiatric care, and medical needs sufficiently demonstrate a risk of irreparable injury before the government can be heard in opposition. The Court therefore finds ex parte relief to be proper.

On the merits, Ceja Buenrostro is entitled to relief because she has demonstrated at least "serious questions going to the merits and a balance of hardships that tips sharply towards [her]," as well as "a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citation modified). She has presented evidence that she is a lawful permanent resident of the United States who was detained

upon returning to the United States at the San Jose Mineta International Airport. As someone who has been "lawfully admitted for permanent residence in the United States," she "shall not be regarded as seeking admission into the United States for purposes of the immigration laws" unless one of six statutory exceptions applies. 8 U.S.C. § 1101(a)(13)(C). Lawful permanent residents "are presumptively not seeking an admission into the United States, and there is no statute authorizing CBP [United States Customs and Border Protection] to make a determination of abandonment in the first instance, without a hearing in which the government is put to its burden of proof" by "clear and convincing evidence." *Cakan v. McDonald*, No. 1:25-cv-11094-JEK, 2025 WL 1432752, at *8 (D. Mass. May 19, 2025) (citation modified). Moreover, Ceja Buenrostro has a strong liberty interest in remaining out of custody, and her detention without a hearing likely violated her constitutional due process rights. *Cf. Alexeis v. Warden, California City*, No. 1:26-CV-03599 (EJD), 2026 WL 1614076, at *2 (E.D. Cal. June 4, 2026) (finding due process right to a pre-deprivation bond hearing under 8 U.S.C. § 1226(c) for lawful permanent resident). In addition, the balance of hardships tips sharply in Ceja Buenrostro's favor given the high risk of irreparable injury, and an injunction is in the public interest. "The government . . . cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) (citation modified). And, "[b]ecause public interest concerns are implicated when a constitutional right has been violated, all citizens have a stake in upholding the Constitution, meaning it is always in the public interest to prevent the violation of a party's constitutional rights." *Id.* (citation modified). Accordingly, the Court grants Ceja Buenrostro's motion for a temporary restraining order requiring her immediate release.

Although Ceja Buenrostro requests other relief—for example, that Respondents immediately provide Petitioner's counsel with certain information, including the statutory basis asserted for her detention and "copies of all charging, custody, inspection, interview, sworn-statement, criminal-history, and relinquishment documents served upon, obtained from, or associated with Petitioner," ECF No. 2-2 at 2—that relief is not required to restore the status quo or prevent irreparable injury. The Court therefore does not grant such relief at this time.

Finally, the Court considers whether Petitioners should be required to "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court finds "no realistic likelihood of harm to [Respondents] from enjoining [their] conduct," and it therefore does not require any security. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondents shall immediately release Ceja Buenrostro from physical custody and are enjoined and restrained from re-detaining her without a pre-deprivation hearing before a neutral decisionmaker at which the government establishes a valid basis for her detention by clear and convincing evidence. If Respondents choose to conduct such a hearing, they must provide Ceja Buenrostro with reasonable advanced notice of the time and place of the hearing.

2. If Respondents contend that release cannot be completed immediately, they shall notify Ceja Buenrostro's counsel and the Court within four hours of entry of this order, identify the specific impediment, and propose the earliest time for release. Such notice shall not stay any provision of this order absent further order of the Court.

3. This order shall remain in effect until August 12, 2026.

4. Ceja Buenrostro shall serve the petition for writ of habeas corpus, the motion for temporary restraining order, and this order on Respondents as soon as possible, and file a proof of service or status report no later than July 30, 2026, at 12:00 noon. Respondents shall provide a status report confirming Ceja Buenrostro's release no later than July 30, 2026, at 12:00 noon.

5. Respondents are ordered to show cause as to why a preliminary injunction should not issue. Their written response shall be filed by August 3, 2026, at 5:00 p.m. Any reply shall be filed by August 5, 2026, at 5:00 p.m. The Court will conduct a preliminary injunction hearing on August 6, 2026, at 2:00 p.m. The Court will entertain a stipulation and proposed order to continue these deadlines so long as Respondents agree to keep this temporary restraining order in place pending resolution of the order to show cause regarding preliminary injunction.

6. The Clerk is directed to serve this order via email on Kenneth Brakebill, Acting Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California, at Kenneth.Brakebill@usdoj.gov.

**IT IS SO ORDERED.**

Dated: July 29, 2026, at 5:15 p.m.

P. CASEY PITTS for
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California