UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA CEJA BUENROSTRO,<br>Petitioner,<br>v.<br>JASON ADAMS, et al.,<br>Respondents. | Case No. 26-cv-07891-JST<br>**ORDER DISSOLVING TEMPORARY RESTRAINING ORDER AND DENYING ENTRY OF PRELIMINARY INJUNCTION** |

Petitioner Fabiola Ceja Buenrostro is a lawful permanent resident of the United States. She was detained on July 28, 2026, at the San Jose Mineta International Airport upon returning from Mexico. The next day, she filed a habeas petition and a motion for a temporary restraining order. ECF Nos. 1, 2. She argued that Respondents[1] unlawfully detained her under 8 U.S.C. § 1225(b)(2), which requires detention of any "alien seeking admission [who] is not clearly and beyond a doubt entitled to be admitted," because they did not establish the applicability of any of the six statutory exceptions for when a lawful permanent resident may "be regarded as seeking admission into the United States," 8 U.S.C. § 1101(a)(13)(C). *E.g.*, ECF No. 2 at 6–8.

The Court granted Petitioner's motion for a temporary restraining order and ordered Respondents to show cause as to why a preliminary injunction should not issue. ECF No. 4. The Court required Respondents to release Petitioner from physical custody and enjoined them "from re-detaining her without a pre-deprivation hearing before a neutral decisionmaker at which the government establishes a valid basis for her detention by clear and convincing evidence." *Id.* at 3.

[1] Respondents are Jason Adams, Port Director, United States Customs and Border Patrol ("CBP"), San Francisco International Airport; David Salazar, Director of Field Operations, San Francisco Field Office, CBP; Rodney S. Scott, Commissioner, CBP; and Markwayne Mullin, Secretary, Department of Homeland Security, all in their official capacities.

United States District Court
Northern District of California

In compliance with the order, Respondents released Petitioner on the evening of July 29, 2026. ECF No. 8. The temporary restraining order was scheduled to remain in effect until August 12, 2026. ECF No. 4 at 3.

On July 31, 2026, the Court approved the parties' stipulated briefing schedule on the order to show cause. ECF No. 13. With the parties' agreement, the temporary restraining order was extended until August 27, 2026, at 2:00 p.m. *Id.* The Court invited a stipulation to continue the temporary restraining order beyond the scheduled September 4, 2026 hearing on the order to show cause, but no stipulation has been filed.

Having reviewed the parties' responses to the order to show cause, the Court finds the matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). It will deny entry of a preliminary injunction and dissolve the temporary restraining order for the reasons set forth below.

As recently explained by the Supreme Court:

> Because lawful permanent residents generally must be regarded as already admitted to the country, they usually do not have to reapply for admission when they return from temporary overseas travel. § 1101(a)(13)(C). But, under an exception central to this case, the Government may regard a lawful permanent resident as "seeking an admission" (and thus as not already admitted) if he "has committed an offense identified in section 1182(a)(2)," § 1101(a)(13)(C)(v), including a crime involving moral turpitude, § 1182(a)(2)(A)(i)(I).

*Blanche v. Lau*, 146 S. Ct. 1981, 1986 (2026). "[I]f the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). "Border officers [do] not have the burden to establish by clear and convincing evidence that [the lawful permanent resident] ha[s] committed a crime involving moral turpitude." *Lau*, 146 S. Ct. at 1990.

In her reply in support of a preliminary injunction, Petitioner acknowledges that she has two convictions for theft, from 1998 and 1999, that qualify as crimes of moral turpitude, and that *Lau* "forecloses [her] original contention that CBP was required to possess clear and convincing evidence at the port of entry before making the threshold determination under 8 U.S.C.

§ 1101(a)(13)(C)(v)." ECF No. 16 at 1–2, 4. She thus concedes that she could have been detained under 8 U.S.C. § 1225(b). She further acknowledges that the government's subsequent initiation of removal proceedings under Section 1229a does not, "standing alone, convert[] § 1225(b)(2) detention into detention under § 1226(a)" because "Section 1225(b)(2), when applicable, authorizes detention for the duration of the § 1229a proceeding." *Id.* at 6. Petitioner argues that her release under the temporary restraining order changes the question before the Court, such that "[t]he prospective deprivation now at issue is . . . not continuation of the initial detention authorized by § 1225(b)" but is instead "Respondents' proposed re-arrest of a presently free lawful permanent resident without advance notice or a pre-deprivation review." *Id.* at 6–7.

The facts now before the Court, however, make clear that the temporary restraining order was granted in error. Had the fact of Petitioner's criminal convictions been presented at the time the temporary restraining order was sought, the Court would have denied Petitioner's motion for immediate relief. There was no basis for the Court to determine that Petitioner had a substantial likelihood of success on the merits or even that she presented serious questions going to the merits. Unlike cases relied on by Petitioner, Respondents in this case never made any determination that Petitioner should not be detained, and it is clear that her detention is governed by Section 1225(b) and not Section 1226(a). *See, e.g.*, *Urena Sepulveda v. Albarran*, No. 26-cv-04373-JST, 2026 WL 1432681, at *1–4 (N.D. Cal. May 21, 2026) (granting preliminary injunction when petitioner "was released on bond by an immigration judge" under Section 1226(a) and concluding that "Section 1225(b) [did] not apply"). As Petitioner now concedes, Respondents were entitled to detain her as an applicant seeking admission who, because of her prior convictions for crimes of moral turpitude, was "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). The Court is aware of no authority, and Petitioner has cited none, holding that a party may rely on compliance with a temporary restraining order, which a court subsequently determines was granted in error, to create a right to relief to which the party would not otherwise have been entitled.

Accordingly, the Court now dissolves the temporary restraining order and declines to issue a preliminary injunction. The parties shall meet and confer and, within fourteen days of the date

of this order, file a joint statement proposing a schedule for disposition of the habeas petition or stipulating that the reasoning of this order warrants denial of the petition and entering judgment.

**IT IS SO ORDERED.**

Dated: August 25, 2026

JON S. TIGAR
United States District Judge